IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMIE PERRYMAN,

        Plaintiff,

v.

GENOA HEALTHCARE LLC, a corporation,

        Defendant.

Case No. 3:24-cv-01069-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Before the Court is Defendant Genoa Healthcare LLC's ("Genoa") unopposed motion to compel arbitration and stay or dismiss this action pursuant to the Federal Arbitration Act ("FAA"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons explained below, the Court grants Genoa's motion and stays this case pending arbitration.

## BACKGROUND

    Plaintiff Jamie Perryman ("Perryman") filed this employment action against Genoa on July 1, 2024, asserting religious discrimination claims under Title VII of the Civil Rights Act ("Title VII") and Oregon Revised Statutes ("ORS") § 659A.030. (Compl. ¶¶ 1-3, 10, ECF No.

PAGE 1 – OPINION AND ORDER

1.) Perryman served Genoa with a complaint and potentially invalid summons on August 22, 2024. (ECF No. 3.)

Consistent with Local Rule 7-1(a),[1] Genoa unsuccessfully attempted to confer with Perryman about a motion for extension of time in which to file its answer or responsive pleading. (ECF No. 4.) Specifically, Genoa's counsel called and emailed and followed up with Perryman's counsel on September 10 and September 11, 2024, but never "heard back regarding [Perryman's] position on [its] motion." (*Id.* at 1.) As a result, Genoa filed its motion for extension of time at approximately 5:00 p.m. on September 11, 2024.

The Court granted Genoa's motion shortly thereafter. (ECF No. 5.) The Court did so because (1) it was Genoa's first request for an extension, (2) Genoa proceeded as though its answer or responsive pleading was due the following day,[2] (3) a "district court has broad discretion to control its docket and set deadlines," *Moore v. Grundmann*, 671 F. App'x 686, 687

---

[1] Local Rule ("LR") 7-1(a) provides that "the first paragraph of every motion must contain a certification regarding attempts to meet and confer; otherwise, the court may deny the motion[.]" *Ovitsky v. Oregon*, 594 F. App'x 431, 431-32 (9th Cir. 2015) (citing D. Or. R. 15-1(c)). Lawyers and self-represented litigants must comply with LR 7-1(a). *See id.* (holding that the district court did not abuse its discretion in denying the self-represented plaintiff's motion for leave to amend because the plaintiff did not comply with this district's local rules, including LR 7-1(a)).

[2] Perryman's initial process server represented that he delivered copy of Perryman's summons and complaint to the service of process technician at Genoa's registered agent's office on August 22, 2024. (*See* ECF No. 3.) It appears, however, that Perryman's counsel may have failed to obtain a signed and sealed summons from the Clerk of Court, and therefore attempted to perfect service in accordance with Federal Rule of Civil Procedure ("Rule") 4(a)(1) on September 25, 2024. (*See* ECF Nos. 6-9, reflecting that after failing to respond to Genoa's attempts to confer on its motion for extension of time, Perryman's counsel filed a proposed summons on September 13, 2024, and a second return of service affidavit on October 3, 2024, stating that a different process server delivered a summons and complaint to the same service of process technician at Genoa's registered agent's office on September 25, 2024); *cf. Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir. 2019) ("It is true that service of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must indeed be signed by the clerk.") (citations omitted) (citing FED. R. CIV. P. 4(a)(1)(F)).

PAGE 2 – OPINION AND ORDER

(9th Cir. 2016) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)), and (4) the Court is directly and indirectly aware of Perryman's counsel's recent failures to prosecute cases in a diligent manner, including by failing to respond to conferral attempts and the Court's case management inquiries. *See, e.g.*, Opinion and Order at 2-5, *Prakash v. Or. Health & Sci. Univ.*, No. 3:23-cv-01653-IM (D. Or. filed Apr. 30, 2024), ECF No. 20 (describing counsel's "history of flouting the deadlines and rules of the District of Oregon," "disregard for the local rules . . . and to the costs and delay that her actions have imposed on several [j]udges in this [d]istrict . . . [and] her adversaries," apparent "pattern of ignoring deadlines," and failure to address "previously identified . . . issues" or "take[] any concrete steps to remedy this pattern," and cataloging counsel's "violations" in several intradistrict cases).

In accordance with Genoa's request, the Court extended Genoa's answer or responsive pleading deadline to October 15, 2024. (*See* ECF Nos. 4-5, extending Genoa's deadline to October 15 instead of October 14, the federally recognized holiday that Genoa requested in its motion). The Court later extended Genoa's deadline to October 16, 2024, based on the contents of the second return of service affidavit that Perryman's counsel filed on October 3, 2024. (ECF No. 8.)

On October 16, 2024, Genoa timely filed its motion to compel and stay or dismiss this case pending arbitration proceedings. (Def.'s Mot. Compel Arb. & Stay Proc. ("Def.'s Mot.") at 1-10, ECF No. 9.) In the motion's LR 7-1(a) certification requirement, Genoa noted that it made good faith efforts to confer but Perryman's counsel failed to respond to Genoa's attempts to confer on August 28 (email), September 4 (email), September 10 (email and phone), September 11 (email and phone), and September 16, 2024 (email). (*Id.* at 1.)

///

PAGE 3 – OPINION AND ORDER

Later that same day, the Court ordered Perryman's counsel to confer with Genoa's counsel on its pending motion through personal or telephone conference by October 18, 2024, at 5 p.m., to determine if the parties could resolve their dispute without further motion practice. (ECF No. 10.) The Court also ordered the parties to file a joint status report on the results of their conferral by October 22, 2024, and warned Perryman's counsel that if she failed to confer with Genoa's counsel by October 18, 2024, the Court would consider a motion to impose sanctions, including attorney's fees, for continued refusal to meet and confer and engage with Genoa's counsel. (*Id.*)

On October 22, 2024, Genoa timely filed its own status report stating that pursuant to the Court's October 16, 2024 Order, the parties conferred by telephone on October 17, 2024, and Perryman's counsel did "not oppose [Genoa's] motion." (Def.'s Status Report at 1-2, ECF No. 11.) However, Perryman's counsel failed to respond to Genoa's counsel's provision of a draft joint status report and requests for approval on October 18 and October 22, 2024. (*Id.* at 1.) Consequently, Genoa "submit[ted] [a] status report on behalf of itself only." (*Id.* at 2.)

Before addressing Genoa's motion, the Court's courtroom deputy emailed the parties on October 22, 2024, seeking Perryman's counsel's confirmation that Genoa's pending motion was in fact unopposed and, if so, whether the parties planned to submit any proposed form of order. After Perryman's counsel failed to respond to the courtroom deputy's email, the Court took Genoa's unopposed motion to compel arbitration under advisement on November 1, 2024. (ECF No. 12.)

## DISCUSSION

Genoa moves to compel arbitration and stay or dismiss this action pursuant to the FAA, and Perryman does not oppose Genoa's motion. (Def.'s Mot. at 1; Def.'s Status Report at 1.) As explained below, the Court grants Genoa's motion to compel and stays this action pending

PAGE 4 – OPINION AND ORDER

arbitration proceedings. *Cf. Pena v. Or. Health & Sci. Univ.*, No. 3:23-cv-00797-SI, 2024 WL 68353, at *1 (D. Or. Jan. 5, 2024) (granting the defendant's motion to dismiss a claim with prejudice after noting that the plaintiff failed timely to respond to the defendant's motion despite receiving opportunities to do so and that the defendant represented that following the parties' conferral on the motion, the plaintiff voluntarily agreed to dismiss the relevant claim with prejudice).

I.     APPLICABLE LAW

The FAA "requires courts to compel arbitration of claims covered by an enforceable arbitration agreement." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509-10 (9th Cir. 2023) (citing 9 U.S.C. § 3). "Under the FAA, private agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022) (quoting 9 U.S.C. § 2); *see also Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1193 (9th Cir. 2024) (same).

"Generally, a court must determine two issues before deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Knapke*, 38 F.4th at 831 (quoting *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021)). "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Oberstein*, 60 F.4th at 510 (quoting *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022)); *see also Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1058 (9th Cir. 2020) (explaining that "[s]tate law governs the validity, revocability, and enforceability of a contract" (citing *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc))). "Federal substantive law[, on the other hand,] governs the scope of an arbitration agreement."

PAGE 5 – OPINION AND ORDER

*Shikov*, 974 F.3d at 1058-59 (citing *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013)).

"The presence of a delegation clause further limits the issues that a court may decide." *Fli-Lo Falcon*, 97 F.4th at 1194 (quoting *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022)). Thus, "[w]hen the parties have 'clearly and unmistakably' delegated questions regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the existence of the arbitration agreement." *Id.* (first citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010); and then citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)). Accordingly, "a valid—*i.e.*, enforceable—delegation clause commits to the arbitrator nearly all challenges to an arbitration provision[,]' . . . includ[ing, but not limited to,] the threshold inquiries[] [of] 'whether the agreement covers a particular controversy' and 'whether the arbitration provision is enforceable at all.'" *Id.* (quoting *Caremark*, 43 F.4th at 1029).

## II.  ANALYSIS

The Court grants Genoa's unopposed motion to compel and stays this case pending arbitration proceedings.

Motions to compel arbitration are subject to the Rule 56 summary judgment standard. *See Fli-Lo Falcon*, 97 F.4th at 1200 (noting that "motions to compel arbitration are subject to the summary judgment standard" (citing *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021))). That means the "deemed admitted" practice applies here. *See State Farm Fire & Cas. Co. v. Norton*, No. 3:20-cv-399-SI, 2020 WL 6946450, at *2 (D. Or. Nov. 25, 2020) ("[R]ule [56(e)] was amended in 2010 to incorporate the 'deemed admitted' practice of many courts—where a party fails to respond to an asserted fact, that fact may be 'deemed admitted'

(considered as undisputed)" (quoting *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013))).

The record reflects that Genoa's parent corporation, UnitedHealth Group Incorporated ("UHG"), offered Perryman a pharmacy technician role at Genoa on February 25, 2020. (Decl. Susan Weedman Decl. Supp. Def.'s Mot. Compel Arb. & Stay Dismiss Procs. ("Weedman Decl.") ¶¶ 4, 6, ECF No. 9-1.) UHG advised Perry that the role was subject to an arbitration agreement, which she could access "via a link in the electronically delivered Offer Letter[.]" (*Id.* ¶¶ 7-8.)

UHG utilizes New Employee Connect ("NEC") for its "new employee onboarding process," which consists of, among other things, reviewing UHG's employment documents and electronically signing UHG's employment arbitration policy (the "Arbitration Agreement"). (*Id.* ¶ 5.) Perryman completed UHG's onboarding process and signed UHG's Arbitration Agreement on February 29, 2020. (Weedman Decl. ¶ 9; *see also id.* Ex. B at 1-7, ECF No. 9-1 at 8-14, attaching copy of the Arbitration Agreement bearing Perryman's electronic signature and a timestamp of "2020-2-29 20:10 UTC"). The Arbitration Agreement required "arbitration of all claims arising from [Perryman's] employment." (*Id.* ¶ 9.) Specifically, under the bold, capitalized headers "Statement of Intent" and "Scope of Policy," the Arbitration Agreement provided that it is "a binding contract between [UHG] and its employees . . . requiring both parties to resolve employment-related disputes (except [certain] excluded disputes [not applicable here]) that are based on a legal claim through final and binding arbitration," and governed by the FAA. (*Id.* Ex. B at 1.)

In addition to incorporating the American Arbitration Association's ("AAA") rules, the Arbitration Agreement provides that "[a]rbitration is the exclusive forum for the resolution of

PAGE 7 – OPINION AND ORDER

[employment-related disputes], and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy," and "[c]overed claims also include any disputes regarding the Policy or any portion of the Policy or its interpretation, enforceability, applicability, unconscionability, arbitrability, waiver, or formation, or whether Policy or any portion of the Policy is void or voidable, with the exception [not applicable here]." (*Id.* at 1-3.) The Arbitration Agreement also provides (in bold typeface) that "[a]cceptance of employment or continuation of employment with [UHG] is deemed to be acceptance of this Policy." (*Id.* at 2.)

As discussed, the Court must "determine two issues before deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Knapke*, 38 F.4th at 831 (quoting *Zoller*, 993 F.3d at 1201). It is well established that "the party seeking to compel arbitration[] must prove the existence of a valid agreement by a preponderance of the evidence." *Id.* at 832 (quoting *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019)). The parties do not dispute that Genoa has "proven the existence of such an arbitration agreement binding [Perryman] at this . . . stage [of this proceeding]." *Id.*

As a judge from this district has previously recognized, "[t]he FAA applies broadly to arbitration agreements involving 'commerce among the several States or with foreign nations' or territories[,] . . . [and] the Supreme Court [has] held that '[e]mployment contracts, except for those covering workers engaged in transportation, are covered by the FAA.'" *Hermida v. JP Morgan Chase Bank, N.A.*, No. 3:15-cv-00810-HZ, 2015 WL 6739129, at *3 (D. Or. Nov. 3, 2015) (first quoting 9 U.S.C. § 1; and then quoting *EEOC v. Waffle House*, 534 U.S. 279, 289 (2002)). Also noteworthy is that the parties do not dispute that Perryman's continued

PAGE 8 – OPINION AND ORDER

employment constituted adequate consideration, or whether Perryman's electronic signature was binding. *See id.* ("[B]ecause Plaintiff continued his employment with Defendant after signing the Agreement, there was adequate consideration for a valid contract and there are no issues with the formation of the Agreement."); *Ewing v. Olinger RV Ctrs., LLC*, No. 6:24-cv-01348-AA, 2024 WL 4528221, at *4 (D. Or. Oct. 18, 2024) (noting that "electronic signatures may bind an individual").

The Court need not address ORS § 36.620(5) because Perryman does not rely on the statute or present any related argument. *See Jensen v. Fisher Commc'n, Inc.*, No. 3:14-cv-00137-AC, 2014 WL 6851952, at *4-5 (D. Or. Dec. 3, 2014) (stating that "[ORS] § 36.620 governs the validity of arbitration agreements in Oregon" and "[b]ecause [ORS] § 36.620(5) applies specifically to, and creates a higher bar of validity to enforce, arbitration agreements, it is likely precluded by the FAA," citing an intradistrict decision "finding [ORS] § 36.620(5) preempted," and explaining that "the court need not decide that issue, as [the plaintiff did] not rely on [ORS] § 36.620(5) to argue that the arbitration agreement [was] invalid" (citing *Bettencourt v. Brookdale Senior Living Cmtys., Inc.*, No. 09-cv-1200-BR, 2010 WL 274331, at *7 (D. Or. Jan. 14, 2020))).

For these reasons, the Court finds that Genoa has proven the existence of a valid arbitration agreement.

The Court turns to whether the Arbitration Agreement cover the parties' dispute. *See Knapke*, 38 F.4th at 831. Like the Court's first inquiry as to whether a valid arbitration exists, Perryman does not dispute that the Arbitration Agreement covers her Title VII and parallel state law claim, and the Arbitration Agreement reflects that it does. Accordingly, the Court finds that the FAA requires it to enforce the Arbitration Agreement in accordance with its terms and grant

Genoa's motion to compel arbitration. *See Knapke*, 38 F.4th at 831 (limiting the two-part inquiry to "whether [the plaintiff] agreed to arbitrate with [the defendant]" because the plaintiff did "not dispute that the arbitration clause covers her claim"); *see also Fli-Lo*, 97 F.4th at 1194, 1200 (stating that the plaintiffs "pointed to nothing in the record creating a dispute of material fact" on a relevant issue and "[t]he FAA requires the court to enforce the arbitration agreement in accordance with its terms and limits the court's role to deciding whether: (1) a valid agreement to arbitrate exists between the parties and (2) the scope of the agreement encompasses the claims") (simplified).

The remaining issue to address is Genoa's request to "stay or dismiss" this case pending arbitration proceedings. (Def.'s Mot. at 2.) "Section 3 of the [FAA] . . . provides that[] when a district court finds an issue 'referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action' pending arbitration." *Woody v. Coinbase Glob., Inc.*, No. 23-3584, 2024 WL 4532909, at *1 (9th Cir. Oct. 21, 2024) (quoting 9 U.S.C. § 3). Shortly before Perryman filed the present action against Genoa, "the Supreme Court clarified that [Section 3 of the FAA] is mandatory: when a party requests a stay in a dispute subject to arbitration, the district court has no discretion to deny it." *Id.* (citing *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024)).

Consistent with the Supreme Court's decision in *Spizzirri*, the Court stays Perryman's case pending arbitration proceedings. *See Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 711 (9th Cir. 2024) ("In its motion to compel arbitration filed prior to the Supreme Court's decision in *Spizzirri*, [the defendant] requested that the [district] court dismiss or, in the alternative, stay the action pending arbitration. Since *Spizzirri* made clear that a district court does not have discretion to dismiss the action when granting a motion to compel arbitration

under 9 U.S.C. § 3, the court is compelled to grant [the defendant's] alternative request for a stay.").

## CONCLUSION

For the reasons stated, the Court GRANTS Genoa's unopposed to compel and stay this action pending arbitration (ECF No. 9).

**IT IS SO ORDERED.**

DATED this 1st day of November, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge